SHIRLEY S. ABRAHAMSON, C.J.
¶ 54. (dissenting). It is important that trains run on time, but it is more important that the people and property of the state be kept safe.
¶ 55. The public safety of the residents of Wisconsin and our established tort law designed to promote public safety in Wisconsin do not necessarily conflict *524 with federal standards under the Federal Railroad Safety Act (FRSA), which "promote [s] safety in every area of railroad operations .. . ."[1]
¶ 56. Like the court of appeals, I recognize that the Federal Railroad Safety Act does not fully replace or supersede Wisconsin's tort law, which protects the residents of the state from injury.[2]
¶ 57. By its very terms, the Federal Railroad Safety Act does not completely preempt all claims arising from a motorist's collision with a train. The text of the Act is evidence that Congress did not intend to preempt all claims based in part on the Federal Railroad Safety Act. In areas long occupied by state law, there is a presumption against preemption "unless [preemption] was the clear and manifest purpose of Congress."[3]
¶ 58. Although the Federal Railroad Safety Act does not preempt all state claims related to railroad safety, it clearly preempts some.
¶ 59. Section 20106 of the Federal Railroad Safety Act is entitled "Preemption." A state's authority to regulate railroad safety is displaced when the Secretary of Transportation "prescribes a regulation or issues an order covering the subject matter of the State requirement."[4] The Federal Railroad Safety Act grants the Secretary of Transportation broad authority to prescribe regulations and issue orders for railroad safety.
¶ 60. A state may adopt or continue in force an additional or more stringent law than provided in the Federal Railroad Safety Act as long as it "(A) is neces *525 sary to eliminate or reduce an essentially local safety or security hazard; (B) is not incompatible with a law, regulation, or order of the United States Government; and (C) does not unreasonably burden interstate commerce."[5]
¶ 61. The Federal Railroad Safety Act, 49 U.S.C. § 20106, authorizes States to adopt or continue in force more stringent requirements related to railroad safety as follows:
(a) National uniformity of regulation. — (1) Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable.
(2) A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order- — •
(A) is necessary to eliminate or reduce an essentially local safety or security hazard;
(B) is not incompatible with a law, regulation, or order of the United States Government; and
(C) does not unreasonably burden interstate commerce.
(b) Clarification regarding State law causes of action. —(1) Nothing in this section shall be construed to *526 preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—
(A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;
(B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or
(C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).
(2) This subsection shall apply to all pending State law causes of action arising from events or activities occurring on or after January 18, 2002.
(c) Jurisdiction. — Nothing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action.
¶ 62. The majority opinion recognizes that the Federal Railroad Safety Act does not preempt all tort claims against railroads,[6] yet treats the "specific, individual hazard" as the only tort claim that survives preemption and addresses only the issue of whether a "specific, individual hazard" existed in the instant case, despite the plaintiffs' assertion that other tort duties apply.[7]
*527 ¶ 63. On the contrary, in CSX Transportation, Inc. v. Easterwood, 507 U.S. 658 (1993), the case the majority opinion cites for the "specific, individual hazard" exception, the United States Supreme Court acknowledged that preemption of an excessive speed claim under the Federal Railroad Safety Act "does not bar suit for breach of related tort law duties .... "[8] A "specific, individual hazard" is not to be confused with the preemption exception in § 20106(a)(2)(A) for an "essentially local safety or security hazard."[9]
¶ 64. Easterwood addressed whether a state wrongful death claim based on excessive train speed was preempted by federal regulations that set maximum allowable operating speeds for all freight and passenger trains for each class of track. The United States Supreme Court reasoned that these speed limits were adopted only after the hazards posed by track conditions were taken into account and that thus, all state law claims for excessive speed were subsumed by the regulations.[10]
¶ 65. A footnote in Easterwood noted that although the railroad was "prepared to concede" that the "pre-emption of [the] excessive speed claim [did] not bar suit for [its] breach of related tort law duties, such as the duty to slow or stop a train to avoid a specific, individual hazard," that issue was not presented and thus would not be decided by the Court. Easterwood, 507 U.S. at 675-76.
*528 ¶ 66. Wisconsin tort law's duty to exercise reasonable care can be violated even if the train speed limits set under federal law are being followed. The claim in the instant case relates to a circumstance that is not a fixed condition or feature of the railroad crossing. The local parade event could not have been taken into account by thé Secretary of Transportation in the promulgation of uniform, national speed regulations under the Federal Railroad Safety Act. The plaintiffs' claim in the instant case is based on a unique occurrence that was likely to result in a collision, namely large numbers of cars and people would be on the tracks at a particular annual local event of which the railroad had been given notice.
¶ 67. I disagree with the majority opinion's implicit broad holding that the only state tort law claims that survive the Federal Railroad Safety Act are those that allege a "specific, individual hazard." Such an interpretation is contrary both to the federal statute and to our state's interest in protecting tort victims.
¶ 68. For the foregoing reasons, I dissent.
¶ 69. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

 49 U.S.C. § 20101.

 Partenfelder v. Rohde, 2013 WI App 48, ¶¶ 29-33, 347 Wis. 2d 385, 830 N.W.2d 115.

 Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947). See also Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996).

 49 U.S.C. § 20106(a)(2).

 49 U.S.C. § 20106(a)(2).

 Majority op., ¶ 2.

 See Response Brief of the Plaintiffs-Appellants-Cross-Respondents at 3-4, 23-24 (stating there are multiple tort law *527 duties that will defeat federal preemption including, but not limited to, slowing for a "specific, individual hazard.").

 CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 675 n.15 (1993).

 Dresser v. Union Pacific R.R. Co., 809 N.W.2d 713, 722 (Neb. 2011).

 Easterwood, 507 U.S. at 675.